GÓMEZ, MÉNDEZ & CO., IN LIQUIDATION, v. THE REGISTRAR
OF PROPERTY.

Appeal from a decision of the Registrar of Property
of Humacao.

No. 76.—Decided December 24, 1910.

RECORD—OWNERSHIP—PRIOR RECORD IN FAVOR OF ANOTHER PERSON.—The owner-
ship of an estate of 40.35 *cuerdas* in favor of the appellant having been de-
clared proven, upon presentation of the declaration of ownership to the regis-
trar the latter refused to admit it to record, because the same estate ap-
peared recorded in favor of other persons, although with an area of 42
*cuerdas* and different boundaries. An appeal having been taken from this
decision it was *Held:* (a) That the differences observed do not constitute
sufficient evidence to hold that the question is really one of two distinct es-
tates, and reverse the decision of the registrar based on article 20 of the
Mortgage Law, and undoubtedly in the antecedents furnished by the regis-
try; (b) That although the title has been classified and its admission to
record refused, should it be presented anew, accompanied by ample proofs
showing that two distinct estates are concerned, and the registrar should
be convinced thereof, he may proceed to effect the record, his previous re-
fusal not being an obstacle thereto.

The facts are stated in the opinion.

*Mr. Salvador Fulladosa* for appellant.

MR. JUSTICE DEL TORO delivered the opinion of the court.

A judgment of the aforesaid district court, declaring that
the ownership of a certain rural estate of 40.35 *cuerdas* had
been established in favor of Messrs. Gómez, Méndez & Co., in
liquidation, having been presented for admission to record at
the Registry of Property of Humacao, the registrar refused
to record the same "because the estate appeared as consist-
ing of 42 *cuerdas* and bounded on the west by lands belonging
to the estate of Eugenio Colón, and was recorded as owned
in common by Ramon and Javiera Artíguez de la Fuente and
Juan Rodríguez Ramos." Not satisfied with this decision,
the aforesaid firm took the present administrative appeal.

As a means of reaching a conclusion, we have, on the one
hand, the assertion of the official in charge of the registry

of property that the estate sought to be recorded for the first time in the name of Gómez, Méndez & Co., in liquidation, is already recorded in the name of a person other than the one from whom the appellant firm appears to have acquired it, to judge from the judicial declaration of ownership referred to, which we have examined.

On the other hand, we have the avowal of the party appellant that it is a question of two different estates, and its arguments based on the difference in area and boundaries, and on the fact that the ownership had been established in the district court without meeting any opposition.

Indeed, upon comparing the description contained in the declaration of ownership with that made in the record of the estate, referred to by the registrar in his decision, and which consists of a certificate issued by said official, there really appears a difference in area of one *cuerda* and part of another, while it is noticed also that although three of the boundaries are the same the fourth is different. But this does not constitute absolute evidence of our having to deal with two different estates. The existence of both estates would have to appear very clearly before this court could be justified in reversing the decision of the registrar based on article 20 of the Mortgage Law and his assertion that the estate to which the judicial declaration of ownership refers, is the same one already recorded—an assertion which we must assume to be based on the antecedents appearing in the registry.

Now then, if it is really a question of two different estates, we see no reason why the interested firm should not again present its title at the registry, accompanied by ample evidence in support thereof, nor why the registrar, if convinced of the fact, should not record the same, notwithstanding his previous refusal.

When a title has been presented at the registry and classified, without effecting the desired record, if thereafter a

new title should be produced which strengthens the original one, and whereby defects pointed out by the registrar who made the classification, are corrected, the latter, and with greater reason his successor, may modify the previous classification by entering the proper memorandum at the end of the document considered by him to be the principal one, when classifying all the papers. (Judgment of the Supreme Court of Cuba, April 5, 1903, delivered in the case of *García* v. *Registrar of "El Mediodía."*)

In accordance with the foregoing the appeal taken in this case should be dismissed and the decision appealed from, affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary and Wolf concurred.